People v Martinez (2025 NY Slip Op 51238(U))

[*1]

People v Martinez

2025 NY Slip Op 51238(U)

Decided on August 5, 2025

District Court Of Nassau County, First District

Agazarian, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 5, 2025
District Court of Nassau County, First District

The People of the State of New York

against
Jarris M. Suchite Martinez, Defendant.

Docket No. CR-025020-24NA

Miali A. Makelele Esq. (Defense Counsel)
Anne Donnelly, District Attorney of Nassau County 

Jaclene Agazarian, J.

Papers Submitted:
Defendant's Notice Motion and Affirmation in Support 1
People's Affirmation and Memorandum of Law in Opposition 2
 PRELIMINARY STATEMENT
The Defendant is charged with one count of Penal Law §110/240.30(1)(a), Attempted Aggravated Harassment in the 2nd Degree, a B misdemeanor. He was arraigned on December 24, 2024.
On March 7, 2025 the People filed an Order to Show Cause seeking a protective order with respect to certain disciplinary records related to a law enforcement officer involved in this case. A protective order hearing was held on March 17, 2025. Following the hearing, the Court granted the People's application on a temporary basis, allowing the People to withhold the records only until May 16, 2025. The Court directed that in the event the People sought to withhold the records beyond that date, a new application for a protective order would have to be brought. The People filed their Certificate of Compliance ("COC") and Certificate of Readiness ("COR") with the Criminal Clerk later that day, on March 17, 2025.
The Defendant now moves by Notice of Motion seeking an Order dismissing the accusatory instrument pursuant to CPL §30.30(1)(c) on the ground that the People have failed to [*2]be ready for trial within the statutorily prescribed time period. The People oppose.
Because the People have failed to either disclose the impeachment records or file an application for a protective order to continue to withhold the records, their COC and COR must be deemed invalid.

ARGUMENTS
The defense argues that the People have exceeded their statutory speedy trial time of sixty (60) days to be ready for trial. Defense counsel asserts that at least ninety-four (94) days are chargeable to the People. He argues that twenty-six (26) of those days represent the date from which the records should have been have disclosed (May 16, 2025) until the date the defense requested this motion schedule (June 11, 2025). Counsel maintains that the People have failed to turn over court- ordered discovery without permission of the Court. He argues, therefore, that the People's assertions of readiness for trial are illusory.
In opposition, the People concede that fifty-nine (59) days of speedy trial time had accrued when they filed an Order to Show Cause for a protective order on March 7, 2025. They claim, however, that no additional time should be charged to them. The People acknowledge that the Court directed the records be disclosed by May 16, 2025, but maintain that they needed to continue to withhold them for the same reason they needed a protective order in the first instance. They assert that they notified the Court of this by email on May 16, 2025, while acknowledging that they "should have filed a formal extension with the court in accordance with the court's instructions." The People argue that if sanctions or remedies are necessary, the sanction should not be time charged to the People.

DISCUSSION
The parties do not dispute that the Court's order allowing the People to withhold the subject discovery was temporary. As set forth in the transcript from the partially ex parte protective order hearing annexed to the People's opposition, the Court ordered disclosure by May 16, 2025: "I'll order that it can be withheld until May 16th. So it must be disclosed after that date. So if a Protective Order needs to be brought, People, it must be brought the very latest May 16th." To date, the records have not been disclosed and no application for a protective order has been brought.
Pursuant to CPL § 245.70(1), "[u]pon a showing of good cause by either party, the court may at any time order that discovery or inspection of any kind of material or information under this article be denied, restricted, conditioned or deferred, or make such other order as is appropriate . . . ." Addressing the issue of "good cause," CPL § 245.70(4), provides:
In determining good cause under this section the court may consider: constitutional rights or limitations; danger to the integrity of physical evidence or the safety of a witness; risk of intimidation, economic reprisal, bribery, harassment or unjustified annoyance or embarrassment to any person, and the nature, severity and likelihood of that risk; a risk of an adverse effect upon the legitimate needs of law enforcement, including the protection of the confidentiality of informants, and the nature, severity and likelihood of that risk; the nature and circumstances of the factual allegations in the case; whether the defendant has a history of witness intimidation or tampering and the nature of that history; the nature of the stated reasons in support of a protective order; the nature of the witness identifying information that is sought to be addressed by a protective order, including the [*3]option of employing adequate alternative contact information; danger to any person stemming from factors such as a defendant's substantiated affiliation with a criminal enterprise as defined in subdivision three of section 460.10 of the penal law; and other similar factors found to outweigh the usefulness of the discovery.
The People have failed to file such an application which would have allowed the Court to consider those factors and to determine whether there was good cause to continue the protective order beyond May 16, 2025. Furthermore, the defense is entitled to be heard, even if on a limited basis, with respect to the Court granting or extending any protective order. This is especially so in this case where the People have now disclosed to the defense certain information regarding the nature of the records that was not disclosed at the time of the initial protective order hearing (People v. Belfon, 181 AD3d 696 [2nd Dept., 2020]; People v. Bonifacio, 179 AD3d 977 [2nd Dept., 2020]; People v. Griggs, 180 AD3d 853 [2nd Dept., 2020]). The People's email to the Court on the deadline date of Friday, May 16, 2025, at 4:34 p.m., stating that the People would not be sharing the records is not in compliance with CPL §245.70 or with what this Court ordered [FN1]
.
"[A]ny statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of section 245.20" (CPL 30.30[5]). Suffice it to say, discovery compliance is a condition precedent to a valid announcement of readiness for trial (see: People v. Sanchez, 85 Misc 3d 1226(A)[Nassau Dist Ct 2025]; People v Gonzalezyunga, 71 Misc 3d 1210(A) [Nassau Dist Ct 2021]; People v Lobato, 66 Misc 3d 1230(A) [Crim Ct, Kings County 2020]; People v Mashiyach, 70 Misc 3d 456 [Crim Ct, Kings County 2020]).
Here, the People remain in possession of disclosure that should have been provided to the defense no later than May 16, 2025. To date, no Order to Show Cause seeking a protective order has been filed to allow them to continue to withhold the records. The People cannot claim to have a valid certificate of compliance while knowingly withholding discoverable material without permission from the Court (CPL §245.70; People v. Aquino, 72 Misc 3d 518 [Crim Ct, Kings Co, 2021]; People v. Perez, 75 Misc 3d 1205(A) [Crim Ct, Bronx Co, 2022]). Until the People fully comply with their discovery obligations, they cannot be ready for trial. Accordingly, the Court finds the People's Certificate of Readiness and Certificate of Compliance to be illusory as of May 16, 2025.
Therefore the time from May 16, 2025, until June 11, 2025, twenty-six (26) days, is chargeable time to the People, for a total of eighty-five (85) days. The People have therefore exceeded their time to be ready for trial in this matter.
For these reasons, the Defendant's motion is GRANTED to the extent it is
ORDERED, that the within docket is hereby dismissed pursuant to CPL 170.30(1)(e).
This constitutes the decision and order of the Court.
Dated: August 5, 2025
HON. JACLENE AGAZARIAN

Footnotes

Footnote 1:The Court further notes that the email contained neither name of the subject Defendant or the correct docket number.